Marcley J. Hilderbrand, Esq. Village Attorney, Delhi
You have asked whether, in the absence of a local law authorizing payment, a village may pay the legal fees of one of its police officers who was charged with the crime of assault and where the charges were dismissed prior to trial.
In a previous opinion of this office we found that while State law only authorizes defense and indemnification of police officers with respect to civil actions and proceedings (General Municipal Law, § 50-j[l], [6][a]), a local government by local law may authorize the reimbursement of defense costs and litigation expenses of an employee in a criminal action resulting in acquittal or the dismissal of charges (Informal Opinion No. 88-6). We emphasized that the act resulting in the criminal charges must have occurred while the employee was acting within the scope of his public employment or duties (ibid.).
In this case, however, at the time the act was committed resulting in the charges and at the time the legal expenses were incurred no local law authorized reimbursement of these expenses by the village. The payment of these expenses without proper prior authorization would run afoul of the constitutional prohibition against gifts of public funds for private purposes (Corning v Laurel Hollow, 48 N.Y.2d 348, 353-354 [1979]). A risk associated with the assumption of public office is defending oneself against charges of misconduct as a personal expense (ibid.).
We conclude that a local government may reimburse an employee or officer for legal costs in the successful defense of a criminal action provided that it has enacted a local law authorizing such reimbursement.